### ROHDE et al. v. MANTELL et al.

(Supreme Court, Appellate Division, Second Department. July 27, 1905.)

NEGLIGENCE—CARELESS DRIVING—INJURY TO STANDING TEAM—CONTRIBUTORY NEGLIGENCE.

Where plaintiffs left their horse and wagon standing in the street in front of a store from which they were loading goods into the wagon, they were not guilty of contributory negligence, as a matter of law, preventing their recovery for injuries to the horse, caused by the reckless driving of defendant's servant.

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Peter Rohde and another against Sam Mantell and another. From a judgment for defendants, plaintiffs appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, RICH, and MILLER, JJ. .

Edwin Louis Garvin, for appellants.
Leonard A. Snitkin, for respondents.

WILLARD BARTLETT, J.   The pleadings in this action were oral.   The plaintiffs sought to recover $249 damages for injuries inflicted upon a horse belonging to them, which, while standing in front of a store in Wallabout Market, was struck by a truck of the defendants, alleged to have been carelessly driven too close to the plaintiffs' wagon.   The defense was a general denial.   The case was tried before a jury, and the plaintiffs introduced evidence tending to sustain all the essential elements of their cause of action. When they rested, counsel for the defendants moved to dismiss the complaint on the ground of failure of proof, specifying particularly that there was no sufficient evidence of the ownership of the team and truck which collided with the plaintiffs' wagon, or of the fact that the driver of the truck was in the defendants' employ.   The motion was denied, and the defendants called as their first witness the truck driver himself, whose testimony supplied whatever might have been lacking in the plaintiffs' proof as to the relationship of master and servant and the responsibility of the defendants for the management of the truck at the time of the accident.   According to the case made by the plaintiffs, their horse was struck by the front wheel and the hind wheel of the defendants' truck.   According to the testimony of the truck driver himself, the front wheel did not strike the horse at all, and the collision with the hind wheel was attributable not to careless driving on the part of the witness, but to the fact that the plaintiffs' horse got frightened and shied.   Just after this witness had testified to this effect, and before his direct examination had been concluded, the Municipal Court Justice presiding brought the trial to an end by announcing to counsel for the defendants that he had reconsidered the motion for a dismissal made at the close of the plaintiffs' case, and that he would dismiss on that motion, with permission to the plaintiffs to bring a new action.   We are at a loss to understand why the case was disposed of in this manner.   The plaintiffs proved enough to entitle them to go to the jury on the issue of the defendants' negligence; that is, the question whether their truck was carelessly driven, and thus caused the accident.   It was not contributory negligence, as matter of law, for the plaintiffs to have their horse and wagon in the place occupied by them at the time of the collision. They had been halted opposite a store, from which goods were being loaded into the wagon.   The proof as to the damage sustained by the plaintiffs in consequence of the injuries to the horse, measured in dollars and cents, was, it is true, rather meager; but this was chiefly due to the exclusion of considerable competent evidence which the plaintiffs endeavored to lay before the jury, but which had erroneously been excluded.   In no view, however, was there such a defect of proof on this branch of the case as to justify

a nonsuit. The dismissal cannot be sustained on any ground, and the plaintiffs are entitled to a reversal of the judgment and a new trial.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.